# UNITED STATES DISTRICT COURT

# DISTRICT OF COLUMBIA

| | |
|---|---|
| **GROVER FOWLER, JR.**<br>10114 Astill Court<br>Waldorf, Maryland 20603<br><br>   Plaintiff<br>v.<br><br>**ELAINE CHAO, SECRETARY,**<br>**U.S. DEPARTMENT OF LABOR**<br>200 Constitution Avenue<br>Washington, D.C. 20210<br><br>   Defendant | CASE NO:<br><br>JUDGE:<br><br>MAGISTRATE:<br><br>**COMPLAINT**<br>(Jury demand endorsed hereon) |

For his cause of action against these Defendants, Plaintiff Donald Clark states:

## I. INTRODUCTION

1. Plaintiff alleges below, and will prove at trial, that Defendant U.S. Department of Labor, in which Plaintiff was an employee, discriminated against Plaintiff in violation Title VII of the Civil Rights Act of 1964 (Title VII) , as amended, 42 U.S.C. §§ 2000e - 2000e-15, the U.S. Department of Labor (Agency) discriminated against Plaintiff Fowler based upon his race (Black) sex (male) and/or in retaliation for protected activity pursuant to Title VII § 703(a).

## II. THE PARTIES

2. Plaintiff Grover Fowler is at all times material hereto an African-American, 56 year old male citizen of the State of Maryland, and a resident of the City of Waldorf. Capital

-1-

Heights.   Plaintiff had been employed by Defendant since 1987.

3.   Defendant Department of Labor is part of the executive branch of the United States Government, with its headquarters located in the District of Columbia, and as such, is a person within the meaning of 42 U.S.C. § 2000e(a) and a person within the meaning of 42 U.S.C. § 2000e(b).

### III.  JURISDICTION and VENUE

4.   This Court has subject matter jurisdiction over this action pursuant to  42 U.S.C. § 2000e-5(f)(3), 28 USC  § 1331.   Venue is proper in  this Court pursuant to the provisions of 28 U.S.C. § 1391(a)(2) because Defendant maintains its headquarters in this District.

### IV.  CAUSE OF ACTION

5.   This action is brought by Plaintiff to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §  2000e, et seq.;  VII   sec. 703(a);

6.   Defendant has discriminated against Plaintiff Grover Fowler on the basis of his race and sex.

7.   Plaintiff Grover Fowler was sent to the Dallas Regional Office, where Plaintiff was assigned a position which was under the direct supervision of John Riggs, Regional Director.  The purpose of this assignment was to conduct fieldwork and to  retrieve Program Service Employment (PSE) wage records for participants receiving government funds in four states affected by Hurricane Katrina.  He was assigned the task of retrieving payroll and wage records and document information for Texas, Louisiana, Mississippi and Alabama.

8.  Sandra Swinson, Monique Proctor, and Tinuke Olandimeji were three females who had work assignments that were similarly situated to that of Plaintiff.  While these three females

were GS-12 auditors, the only difference between assignment and responsibilities was their paygrade. All of the other employment criteria were identical. Yet, these females were permitted to exercise their duties, which were identical to that of Plaintiff, with less restrictive travel requirements. None of these females were black. Plaintiff was treated differently in his employment travel restrictions, based upon the fact that he is a black man, in violation of § 703(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1).

9. Commencing January, 2006, Plaintiff received several work related notices requiring that he change his travel on work related assignments. Plaintiff was required to travel with females on these work related assignments. These females were permitted less restrictions and less regulation in their travel, and were permitted to return to their domiciles more often. On the occasions that the females did travel, they were permitted to return home twice as often as the Plaintiff.

10. This disparity in treatment, based upon the fact that Plaintiff was the father, and not the mother of his children, caused difficulty and disruption in Plaintiff's family life which was not experienced by the female co-workers. As a father and husband, it was important that Plaintiff be home as often as permitted, within reason, by work related assignments. The presence of the father in the household as much as possible is a solidifying force in stabilizing the lives of Plaintiff's children is a significant factor in raising his children into educated, loving, and responsible adults.

11. As specific example is contained in the June 18, 2006 work related assignment to Dallas, Texas. That assignment, after spending four months in Dallas, Plaintiff was required to extend his assignment by another four months.

12. On July 10, 2006, in a memorandum written by John Riggs, Plaintiff received specific instructions which restricted Plaintiff's travel, flex time, leave and attendance on the job.

13. Because these summer months required the presence of Plaintiff in his household, Plaintiff inquired as to the reasons why he could not return to his family as frequently as his female co-workers.

14. On July 6, 2006, Agency management prohibited Plaintiff from coming to the office to prepare travel vouchers. Plaintiff was directed to prepare the travel vouchers by hand and mail them into the Agency office. Also, on this date, Plaintiff directed to return to his home from Dallas, Texas at 28 day intervals, on his own time, and not on government time.

15. On July 28, 2006, Plaintiff was interrogated by a Agency investigator for alleged "misuse of computer", which allegations were totally unfounded. Plaintiff engaged in identical activity as those of his superiors. More specifically, all of Plaintiff's white, male, counterparts and senior level officials engaged in activity related to college basketball and "March Madness." Only Plaintiff was reprimanded for engaging in such activity and was suspended from work for one week. The white males were recipients of letters of warning, while Plaintiff received the suspension.

16. As further harassment, Samantha Cash, Auditor of the Dallas Regional Office, approached Plaintiff and Orville J. Hylton in their cubicles, and advised them that John Riggs had come to her office and stated "Elliott wants me to give those boys (Grover and Orville) a bad performance review, which was in retaliation for raising concerns about Grover's disparate treatment.

17. Plaintiff Grover Fowler was the victim of racially disparate treatment during his employment in the Defendant's Agency, which adversely affected the terms, conditions and privileges of his employment; and which failed or refused to take appropriate action to remedy the effects of the discriminatory treatment of Plaintiff. The employment restrictions, and other charges of misconduct are exaggerated and unfounded and are the product of intentional discrimination by Defendant. Defendant refused to properly remedy this action against Plaintiff and made the decisions which adversely affected the Plaintiff's employment as the result of malice or reckless indifference to the federally protected rights of Plaintiff.

18. When Plaintiff sought redress of his rights pursuant to the civil rights statutes, Plaintiff became the victim of retaliation by the Defendant, through additional adverse employment action.

19. Conditions precedent to the filing of this suit have been performed or have occurred. Based upon these violations of statute, Plaintiff timely filed a charge of discrimination with the Equal Employ Opportunity Commission, Washington Field Office, as EEOC case no. 570-2007-0065X, in which Plaintiff alleged that he had been subjected to racial discrimination during his employment by the Defendant. A copy of that right to sue letter issued pursuant to that Charge is attached.

**WHEREFORE**, Plaintiff demands judgment against these Defendants and prays that the Court grant the following relief:

(a) Enjoin the Defendants from failing or refusing to:

(i) provide sufficient remedial relief to make whole Plaintiff for the loss he has

suffered as a result of the discrimination against him as alleged in this complaint; and

    (ii) take other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

(b) Award compensatory and punitive damages to Plaintiff as would fully compensate him for injuries caused by the Defendants' discriminatory conduct;

(c) Enjoin the Defendants from failing or refusing to:

    (i) provide sufficient remedial relief to make whole Plaintiff for the loss he has suffered as a result of the discrimination against him as alleged in this complaint; and

    (ii) take other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

(d) Award such additional relief as justice may require, together with Plaintiff's costs and attorney fees, and other such relief which this Court deems just and proper.

Respectfully submitted,

/s/ James Q. Butler
James Q. Butler
Attorney for Plaintiff
818 18th Street - 6th Floor
Washington, D.C. 20006
Ph: 202-223-6767/fax: 202-223-3039

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

/s/ James Q. Butler
James Q. Butler

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

GROVER FOWLER, JR.

**DEFENDANTS**

ELAINE CHAO, SECRETARY,
U.S. DEPARTMENT OF LABOR

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF     WALDORF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   WASHINGTON
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

JAMES Q. BUTLER, ESQ.
818 18TH STREET N.W.
SUITE 630
WASHINGTON, D.C. 20006
(202)223-6767

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ✓ 4 |
| Citizen of Another State | ✓ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*     OR     ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ⊙ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (If Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (If not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (If Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DEFENDANT HAS DISCRIMINATED AGAINST PLAINTIFF ON THE BASIS OF HIS RACE AND SEX

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE APRIL 7, 2008    SIGNATURE OF ATTORNEY OF RECORD _/s/_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.